**In re HOPE FURNITURE CO., Inc.**

No. 39191.

District Court, E. D. New York.

Jan. 6, 1941.

Murray R. Paris, of New York City, for objecting creditors for review.

Joseph Newman, of New York City, for debtor, opposed.

CAMPBELL, District Judge.

This is a hearing on a petition to review the order of the Referee dated November 16th, 1940, dismissing the specifications of objection to the amended plan of arrangement filed by the debtor above named, and for an order sustaining the petition for review filed by the objecting creditors herein and reversing the said order of the Referee.

The debtor has offered an amended plan of arrangement whereby the creditors will be paid 25% in cash, and a note for 5% payable in seven months. Objections were interposed to the confirmation of this plan on the following grounds:

1. That the plan of arrangement is not fair and equitable and is not for the best interests of creditors (contained in specifications 1 and 2).

2. That the debtor has committed acts which would be a bar to the discharge of a bankrupt (contained in specification 3).

The Referee saw and heard the witnesses, and is familiar with the estate and its management.

The burden of proof is on the objecting creditors to sustain their objections.

There is no evidence in this case that any one would purchase the assets of the debtor for a sum that would produce more for the creditors than is offered by the plan.

It is true that the schedules filed by the debtor in this proceeding show assets in

the sum of $77,436.55, and liabilities in the sum of $55,739.95.

Under the plan the creditors will receive the sum of $14,826.00, but in addition to that the debtor will be obliged to pay administration expenses, wage claims, commissions to salesmen, and will also have to make provision for deposits held by the debtor from its customers.

The figures as to assets given by the debtor in its schedules represent book values not actual values.

There is no proof as to the fair market value of the assets, and it hardly seems necessary to go into details as to the deductions to be made from the book value to ascertain actual or fair market value, because the creditors committee, practical men who are greatly interested in obtaining for creditors as much as possible, took stock, and made an inventory and appraisal which showed a present market value of the debtor's merchandise stock of approximately $14,000.

The figures on the statement of June 10th, 1940, were read to all the creditors at the meeting on June 24th, by the witness Rosenbaum, and were explained to them in detail, and the plan was not accepted until after that meeting.

The objecting creditors have failed to prove specification of objection No. 1 by even a fair preponderance of the evidence.

■ The objecting creditors represent about $150 of the indebtedness of the debtor.

The total unsecured debts are of the sum in excess of $30,000, and the fact that only $150 represents the indebtedness of the debtor to the objecting creditors, and that there are no other objectors, show that an overwhelming majority of the creditors favor the plan which is very impressive as to what those most interested think, and that should and has been considered by me.

■ There is no evidence that the debtor intends to prefer Rose Halpern, and Rebecca Nathanson. The fact is that they loaned money to the debtor, and took notes endorsed by Morris Kosnitzky the president personally. This was a personal obligation for the excess over what the debtor would pay, and was properly considered by him and his sons.

There is no evidence which I consider supports the objecting creditor's contention that the arrangement is intended to pay Jacob Druckman in full on a claim of $1,000.

Specifications 1 and 2 are not sustained.

■ The third specification sets forth various acts alleged to have been committed by the debtor which would be a bar to his discharge and, therefore, a bar to the confirmation of the plan of arrangement.

The answer to question 4–B was not a false statement, but substantially correct. It was not in any event a false statement to obtain credit and was not false swearing.

There was no false swearing or perjury in the showing of an overdraft in the schedules, and a cash balance in the bank statement, only unpresented checks.

There was no false swearing or perjury or concealment of assets, in the statement in the schedules of an inventory of $20,000 whereas the actual inventory showed $24,000, as it consisted of repossessed merchandise, some damaged, and soiled merchandise, which warranted a deduction of 25%, and $20,000 was approximately the true figure.

The testimony of the certified public accountant, called by objecting creditors, to show a deficiency in the merchandise inventory as of June 10th, 1940, is unsatisfactory and in my opinion does not sustain the charge.

The debtor did properly set forth the reserve account with the Ohio Finance Corp., as on all the evidence while the book value may have been $14,880, the approximate ultimate value was about $7,500.

The debtor did not conceal deposits, loans, unexpired insurance, automobile and fixtures.

The question of the alleged concealed deposits and loans has already been disposed, the automobile was carried at cost, but of course its actual value was much less and the fixtures, while of value to the going concern at the same place, would as to most of them, if the place of business was changed have to be abandoned as affixed to the freehold. As to the insurance, it was not treated as a liability in the books of the debtor, and the account of Louis Fish did not appear in the accounts payable schedule. The insurance was treated as an expense item, and only written into the books when payment of the item was made. The unexpired insurance was not set up as an asset, nor was the liability set up so one balanced the other.

The third specification has not been sustained.

The petition to review is overruled and dismissed, the motion is denied, and the order of the Referee of November 16th, 1940, which it is sought to review herein, is confirmed.